**Antonio BELNOME, Petitioner**

v.

**Alberto GONZALES,\* Respondent.**

**Docket No. 01–2688.**

United States Court of Appeals, Second Circuit.

July 1, 2005.

---

\* United States Attorney General Alberto Gonzales is substituted as Respondent. *See* Fed.

R.App. P. 43(c)(2).

Robert A Culp, New York, NY, for Petitioner.

Sarah Maloney (Argued), Peter D. Keisler, Douglas E. Ginsburg, Ethan B. Kanter, United States Department of Justice, Washington, DC, for Respondent.

Present: WINTER, B.D. PARKER, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Petitioner Antonio Belnome appeals from a judgment of United States District Court for the Western District of New York (Scott, *M.J.*) dismissing his petition for a writ of habeas corpus challenging an order of deportation. *See* 28 U.S.C. § 2241.[1] Familiarity with the relevant facts, procedural history, and the issues on appeal is assumed.

In 1994 Petitioner was indicted on weapons charges and in 1995 pled to illegally engaging in the business of dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A). Without being sentenced on this plea, three years later, in 1998, he pled to another count in the indictment, which charged him with possession of a firearm silencer in violation of 26 U.S.C. § 5861(d).

After serving his sentence, deportation proceedings commenced and Petitioner was placed in immigration detention where he has been held since 2000. In his 2000 immigration hearing, the Immigration Judge ("IJ") found that his first conviction, as an aggravated felony, rendered him statutorily ineligible for relief from deportation under the 1996 amendments to the INA—the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 (1996) ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. 104–208, 110 Stat. 3009 (1996) ("IIRIRA"). The Board of Immigration Appeals ("BIA") affirmed without opinion.

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the IJ's finding of ineligibility. The District Court denied the petition. Petitioner appealed, and we remanded the case for further factual findings as to the dates of the pleas. The District Court found he had separately pled to two counts in the indictment, first in 1995 and then in 1998. The District Court found that he was ineligible for relief from removal because his 1998 plea to possession of a silencer was for an aggravated felony. Under the 1996 amendments this conviction rendered him ineligible for relief from removal. The District Court again dismissed the petition. On appeal, we appointed counsel and directed briefing on specific questions.[2]

---

1. While this case was pending, Congress enacted the REAL ID Act, Pub. L. No. 109–13, 119 Stat. 231 (amending 8 U.S.C. § 1252) (2005). The Act amends the Immigration and Nationality Act ("INA"), eliminating habeas jurisdiction in favor of petitions for review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." *Id.* § 106(a)(1). Although the Act applies retroactively, *see id.* § 106(b), its application to pending appeals is uncertain, *see id.* § 106(c) (providing a procedure only for the transfer of petitions currently before the district courts). Nevertheless, we need not resolve this issue today, as we would treat the appeal in the same manner were it a petition for review pursuant to § 106.

2. The questions were:

1. Whether Belnome is ineligible for relief under INA § 212(h), due to his 1998 guilty plea to a violation of 26 U.S.C. § 5861, which would constitute an aggravated felony under

Section 212(h) permits the Attorney General to waive an order of deportation where such order would constitute an "extreme hardship" to a "United States citizen or lawfully resident spouse, parent, son or daughter...." This section was amended in 1996 to provide: "No waiver shall be provided under this subsection in the case of an alien ... if ... the alien has been convicted of an aggravated felony...." INA § 212(h); 8 U.S.C. § 1182(h). This amendment also specifically provided that it apply to pending petitions by specifying that it "shall be effective on the date of the enactment of this Act and shall apply in the case of any alien who is in exclusion or deportation proceedings as of such date unless a final administrative order in such proceedings has been entered as of such date." IIRIRA § 348(b).

We conclude that Petitioner is statutorily ineligible for INA § 212(h) due to his 1998 conviction and affirm the dismissal of his petition. Section 212(h) relief is unavailable if an alien has been convicted of an aggravated felony, defined in part for the purpose of this section as "an offense

described in ... section 5861 of Title 26 (relating to firearms offenses)." INA § 101(a)(43)(E)(iii); 8 U.S.C. § 1101(a)(43)(E)(iii). Petitioner's plea in 1998 to § 5861 for possession of a silencer constituted a conviction for an aggravated felony, rendering him ineligible for § 212(h) relief. The fact that the IJ failed specifically to find that the § 5861 conviction was for an aggravated felony is immaterial. Since § 1101(a)(43)(E)(iii) clearly defined his 1998 silencer possession conviction as one for an aggravated felony, no parallel finding by the IJ was required.

Because we rely on Petitioner's § 5861 conviction to find him statutorily ineligible for relief, we also need not address whether, under *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the limits on § 212(h) may be applied retroactively to his 1995 conviction.

We have considered Petitioner's remaining contentions and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED.**

---

8 U.S.C. § 1101(a)(43)(E)(iii), even though he was never charged with or found removable based on this conviction constituting an aggravated felony?

2. If Belnome is eligible for § 212(h) relief despite this conviction, because it was never charged as an aggravated felony, whether the 1996 amendment to INA § 212(h), barring its

availability for aliens convicted of aggravated felonies, may be applied retroactively to Belnome in light of *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), because Belnome pled guilty in 1995 to a separate firearms offense, and was charged with, and found removable, based on this offense constituting an aggravated felony?